**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: | ) | Bktcy. 19-70321-JAD |
| | ) | |
| 16509 LINCOLN HIGHWAY LLC, | ) | Chapter 7 |
| | ) | |
| DEBTOR | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ERIC E. BONONI, TRUSTEE, | ) | |
| | ) | Doc. # \_\_\_\_ |
| Movant, | ) | |
| | ) | Related Doc. # 101, 118 |
| v. | ) | |
| | ) | Hearing Date: 10/18/19 |
| 16509 LINCOLN HIGHWAY LLC, *et al.*, | ) | |
| | ) | Hearing Time: 11:00 AM |
| Respondent(s). | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CONSENT ORDER CONCERNING TRUSTEE'S MOTION TO SELL FREE AND
DVIESTED OF LIENS AND ENCUMBRANCES
AND DEBTOR'S RESPONSE THERETO**

AND NOW, this \_\_\_\_ day of _____, 20\_\_\_\_\_, the Court having considered the Trustee's Motion to Sell Property Free and Divested of Liens and Encumbrances (Doc. # 101, the "Sale Motion"), the Debtor's Response to Trustee's Motion to Sell Property Free and Divested of Liens and Encumbrances (Doc. # 118, the "Debtor's Response"), and being advised that a resolution of the matters raised therein has been reached,

**IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND AND DECREED THAT**:

1.    On or about September 6, 2019, the Trustee filed the Sale Motion, wherein he seeks to sell the "Assets" as the term is defined in the Asset Purchase Agreement ("APA") attached to the Sale Motion as **Exhibit "C."**

2. The APA provides for a sale of the "Assets" by the Trustee to Rapid Funding LLC ("Rapid") subject to the terms and conditions therein.

3. The sale contemplated by the APA is subject to court approval at a sale hearing scheduled for October 18, 2019, at which time any higher and better offers will be considered.

4. On or about October 1, 2019, the Debtor filed the Debtor's Response, wherein it asserted that certain items that were included in the "Assets" being sold as detailed in the Sale Motion were actually owned by non-debtor parties, such that same were allegedly not property of the estate and could not be sold by the Trustee. These items are identified in paragraph 10 of the Debtor's Response as the "Excluded Properties," and paragraph 10 also contains a description of those items, making references to two bills of sale attached to the Debtor's Response which further describe the Excluded Properties.

5. Since the filing of the Debtor's response, representatives of the Trustee, Rapid, the Debtor, and the various third parties alleging an interest in said assets have conferred concerning the issues raised by the Debtor's Response.

6. The Trustee, Rapid, the Debtor, and said third parties file this consent order in an effort to clarify the issues raised in the Debtor's Response, in an effort to ensure that Rapid and any other bidders understand what they are bidding on.

7. Bedford UST Holding Company, LLC, Bedford Holdings, LLC, Breezewood Leasing Company, LLC, DeMarco Famiglia Holdings LLC, MW Family Holdings LLC, Attilio S. DeMarco, and William J. Miller, Jr. (collectively, the "Third Parties"), hereby abandon, waive and disclaim any interest of any kind any of the foregoing may have in the following items and abandon and quitclaim the following to Rapid and its successors and

assigns (each of the foregoing named persons, jointly and severally, representing unto Rapid and its successors and assigns, under penalties of perjury, that no person other than such named persons owns any right, title, interest or estate, legal, beneficial, equitable or otherwise, in and to any of the following, and that each such named person has the authority to bind itself to this Order without the approval of any other person):

    a.    Any and all underground, above-ground, or other storage tanks located in, about, under, or upon the property commonly known as 16521 Lincoln Highway, Breezewood, Pennsylvania 15533 (Tax Parcel No. I.09-B-07-004) (the "Exxon Property"), including without limitation the seven (7) underground storage tanks valued at $52,500.00 referenced in paragraph 10 of the Response;

    b.    Any and all underground, above-ground, or other storage tanks located in, about, under, or upon the property commonly known as 4178 Quaker Valley Road, Alum Bank, Pennsylvania 15533 (Tax Parcel No. D.05-B.04-020) (the "Sunoco Property"), including without limitation the three (3) underground storage tanks valued at $22,500.00 referenced in paragraph 10 of the Response;

    c.    To the extent not included in the above, any and all underground, above-ground, or other storage tanks located in, about, under or upon the properties commonly known as 16509 Lincoln Highway, Breezewood, Pennsylvania 15553 (Tax Parcel No. I.09-B.07-004-0-001) (the "Taco Bell Property");

    d.    The Gilbarco Point of Sale System and Fuel Monitoring System located at or about the Exxon Property and/or the Taco Bell Property; and

    e.    Any other items of property of whatever nature or description and in any manner (permanently or not) affixed and/or attached to or under the "Land" comprising all or any portion of the Mortgaged Property (as defined in the Debtor's Sale Response).

8.    The following items are not included in the "Assets" as that term is defined in the APA, and will not be conveyed as a part of the proposed sale, unless abandoned as set forth in the next paragraph:

   a.  Furniture, fixtures, trade fixtures, equipment, supplies goods, and merchandise located at Exxon Property valued at $25,000.00 and identified in paragraph 10 of the Response; and

   b.  Furniture, fixtures, trade fixtures, equipment, supplies goods, and merchandise located at Sunoco Property valued at $35,000.00 and identified in paragraph 10 of the Response.

The items described in paragraph 8, above, will be collectively referred to as the "Personal Property."

  9.  Any and all items of Personal Property remaining at the Exxon Property or the Sunoco Property as of the end of the day on November 4, 2019 ("Removal Deadline"), shall be deemed irrevocably abandoned by the Third Parties to the purchaser of the Assets (Rapid or otherwise). To the extent any of the Personal Property presently remains at the Exxon Property or the Sunoco Property, the Third Parties shall make arrangements with the Trustee and Rapid to take possession of such Personal Property, at their sole expense, prior to the Removal Deadline. The Third Parties waive any claims against the Trustee, the bankruptcy estate, and Rapid arising from or relating to the foregoing, and shall indemnify the Trustee and the Bankruptcy Estate for any losses and/or liabilities arising from or relating to the foregoing.

  10.  Except as may be expressly set forth otherwise herein, all terms and conditions of the APA and the Sale Motion remain in full force and effect.

11. The entry of this Order has been consented to by the Trustee, Rapid, the Debtor, and the Third Parties, as evidenced by their signatures on the following pages.

**BY THE COURT:**

_____
**JEFFERY A. DELLER**
**UNITED STATES BANKRUPTCY JUDGE**

The undersigned consent to the entry of the Order of Court attached hereto:

| BANKRUPTCY ESTATE OF 16509 LINCOLN HIGHWAY LLC,<br><br>By: _____<br>ERIC E. BONONI, ESQUIRE<br>TRUSTEE | 16509 LINCOLN HIGHWAY LLC<br><br>By: _____<br><br>Print Name:<br><br>Print Title: |
|---|---|
| BEDFORD UST HOLDING COMPANY, LLC<br><br>By: _____<br><br>Print Name:<br><br>Print Title: | BEDFORD HOLDINGS, LLC<br><br>By: _____<br><br>Print Name:<br><br>Print Title: |
| BREEZEWOOD LEASING COMPANY, LLC<br><br>By: _____<br><br>Print Name:<br><br>Print Title: | _____<br>WILLIAM J. MILLER, JR. |
| RAPID FUNDING LLC<br><br>By: _____<br><br>Print Name:<br><br>Print Title: | _____<br>ATTILIO S. DEMARCO |
| DeMARCO FAMIGLIA HOLDINGS LLC<br><br>By: _____<br><br>Print Name:<br><br>Print Title: | MW FAMILY HOLDINGS LLC<br><br>By: _____<br><br>Print Name:<br><br>Print Title: |